UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT


STEVEN K. STANLEY,
    Plaintiff,

  v.                              Case No. 3:09-cv-1643(CFD)(TPS)

SGT. MEIER, et al.,
    Defendants.


## RULING AND ORDER

The plaintiff asks the court to intervene in this matter and compel the defendants to provide all requested discovery materials. In response, the defendants state that the plaintiff has not complied with the requirements of Rule 37, D. Conn. L. Civ. R.

Rule 37, D. Conn. L. Civ. R., requires that, before filing a motion to compel, the moving party must confer with opposing counsel in a good faith effort to resolve the dispute. The purpose of this rule is to encourage the parties to resolve discovery disputes without court intervention. See Hanton v. Price, No. 3:04cv473(CFD), 2006 WL 581204, at *1 (D. Conn. Mar. 8, 2006). If discussions are not successful, the party moving to compel must submit an affidavit certifying the attempted resolution and specifying which issues were resolved and which remain.

Although the plaintiff attached a purported affidavit to his

motion, the document is not sworn and does not contain a declaration under penalty of perjury. In addition, the document contains no description of any discussions to resolve the discovery dispute. In opposition, defendants' counsel states that there has been no good faith discussion. Although counsel did speak to the plaintiff by telephone, the plaintiff could not discuss the disputed discovery issues because he did not have his legal papers and, although counsel asked the plaintiff to schedule another legal call, the plaintiff has not done so. The Court concludes that the plaintiff has not complied with the requirements of Local Rule 37 before filing this motion. Accordingly, the motion to compel is denied without prejudice. The plaintiff is reminded that he should seek only discovery related to the incident underlying this action in his discovery requests. Information related to other encounters between the plaintiff and police officials is not relevant to the issues in this case. If the plaintiff has filed other lawsuits regarding those other encounters, he should seek discovery relating to the other encounters in those cases.

The defendants also inform the Court that, although the Court granted them permission to depose the plaintiff, the plaintiff refuses to be deposed until the Court rules on his objection to the deposition. The plaintiff wants the deposition delayed until all discovery issues have been resolved. The defendants are not required to wait to schedule the deposition. If the plaintiff

2

cannot respond to a particular question because he required a item requested in discovery to formulate his answer, he may indicate that in response to the question.  The plaintiff's objection is overruled.

In conclusion, the plaintiff's motion to compel [**doc. #52**] is **DENIED** without prejudice and his objection to deposition [**doc. #44**] is **OVERRULED**.

**SO ORDERED this 14th day of April 2011, at Hartford, Connecticut.**

>                **/s/ Thomas P. Smith**
>                **Thomas P. Smith**
>                **United States Magistrate Judge**