# UNITED STATES DISTRICT COURT

## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| STEVEN K. STANLEY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:09cv1643 (VLB) |
| | : | |
| SERGEANT WILLIAM MEIER, et al., | : | |
| Defendants. | : | |

## RULING GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [Doc. # 76]

In this civil rights action, the plaintiff, Steven K. Stanley, asserts federal claims for use of excessive force and denial of medical care and state law claims of assault and battery.  The defendants, Sergeant William Meier, Lieutenant Brian Smith and Officers Robert Wyse and David Provencher, are members of the Vernon, Connecticut, Police Department.   The defendants move for summary judgment on all claims.  For the reasons that follow, the defendants' motion is granted as to all federal law claims and the court declines to exercise supplemental jurisdiction over the plaintiff's state law claims.

## I.  Standard of Review

In a motion for summary judgment, the burden is on the moving party to establish that there are no genuine issues of material fact in dispute and that it is

therefore entitled to judgment as a matter of law.  *See* Rule 56(a), Fed. R. Civ. P.;
*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  The moving party may
satisfy this burden "by showing–that is pointing out to the district court–that
there is an absence of evidence to support the nonmoving party's case."
*PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam)
(internal quotation marks and citations omitted).  Once the moving party meets
this burden, the nonmoving party must "set forth specific facts showing that
there is a genuine issue for trial," *Anderson*, 477 U.S. at 255, and present such
evidence as would allow a jury to find in his favor in order to defeat the motion
for summary judgment.  *Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir.
2000).  Merely verifying the allegations of the complaint in an affidavit, however,
is insufficient to oppose a motion for summary judgment.  *Zigmund v. Foster*, 106
F. Supp. 2d 352, 356 (D. Conn. 2000) (citing cases).

When reviewing the record, the court resolves all ambiguities and draws all
permissible factual inferences in favor of the party against whom summary
judgment is sought.  *Patterson v. County of Oneida, NY*, 375 F.3d 206, 218 (2d Cir.
2004).  If there is any evidence in the record on a material issue from which a
reasonable inference could be drawn in favor of the nonmoving party, summary
judgment is inappropriate.  *Security Ins. Co. of Hartford v. Old Dominion Freight
Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004).  However, "'[t]he mere of existence of a
scintilla of evidence in support of the [plaintiff's] position will be insufficient;
there must be evidence on which the jury could reasonably find for the

2

[plaintiff].'" *Dawson v. County of Westchester*, 373 F.3d 265, 272 (2d Cir. 2004)
(quoting <u>Anderson</u>, 477 U.S. at 252)).

## II.  <u>Facts</u>

On September 18, 2009, the plaintiff was brought to the Vernon Police
Department where he was being processed on criminal charges.  The plaintiff
began arguing loudly with the police officers regarding the criminal charges and
swearing at the officers.  The plaintiff refused to be fingerprinted.

The plaintiff was allowed to make a telephone call to arrange bond.
Instead, he began complaining to the person on the phone about his altercation
with the police.  The plaintiff received several warnings from defendants
Provencher and Wyse that the purpose of the call was to arrange bond.  When the
plaintiff ignored the officers and continued to complain about the altercation,
defendant Provencher ended the call.  The plaintiff then slammed the receiver and
began arguing with and swearing at defendant Provencher and the other officers.

The plaintiff was told to sit on a bench.  After complying with the order, the
plaintiff continued to argue and swear at the officers.  The plaintiff became
combative.  The plaintiff lunged forward at defendant Provencher who pushed
him down on the bench.  Defendant Wyse ordered the plaintiff to put his hands
behind his back.  The plaintiff did not comply with the order.  Instead, he pulled
his arms tight, lifted them toward his chin and tried to lunge off the bench toward
defendant Provencher, who responded by striking the plaintiff in the head twice

with his palm.

The plaintiff was ordered to get on the floor.  When he did not comply, defendants Provencher and Wyse physically directed the plaintiff to the floor to place him in handcuffs.  The plaintiff turned onto his stomach, placed his arms under his chest and refused repeated orders to put his arms behind his back.

Defendant Provencher warned the plaintiff that if he did not put his hands behind his back, he would be tased.  When the plaintiff still refused to comply, defendant Provencher tased him.  The probes lost contact with the plaintiff several times because the plaintiff repeatedly tried to lift himself off the floor. After he was tased, the officers handcuffed the plaintiff and sat him back on the bench.

When the plaintiff requested medical attention, an officer who also is an EMT examined him.  The plaintiff was then transported to the hospital for medical treatment.  The plaintiff was admitted to the hospital at 5:10 a.m., twenty-four minutes after he was tased.  The plaintiff sustained bruises to his left temple and cheekbone, a sore lower back and tenderness from the taser probes.  After his treatment, the plaintiff was returned to the Vernon Police Department where he gave a written statement regarding the incident.

Defendants Meier and Smith were not personally involved in the incident and did not witness it as neither was in the booking room at the time.  As a result of the incident, the plaintiff was arrested for interfering with an officer and pled guilty to the charge.

4

### III.  Discussion

The defendants contend that the plaintiff fails to state cognizable claims for deliberate indifference to serious medical needs and use of excessive force.  In addition, they contend that defendants Meier and Smith were not personally involved in the use of excessive force and defendants Provencher and Wyse were not involved in providing medical care.

### A.    Deliberate Indifference to Serious Medical Needs

The plaintiff contends that the defendants were deliberately indifferent to his serious medical needs because they did not immediately provide medical treatment.  The defendants argue that this claim lacks merit.

"The Due Process Clause . . . require[s] the responsible government or governmental agency to provide medical care to persons . . . who have been injured while being apprehended by the police."  *City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983).  When considering the contours of such claims, the Supreme Court has directed courts to look to the standards applicable under the Eighth Amendment.  *See County of Sacramento v. Lewis*, 523 U.S. 833, 849-50 (1998).

To establish an Eighth Amendment claim for denial of medical care, the plaintiff must demonstrate that the defendant was "'deliberate[ly] indifference to [his] serious medical needs.'" *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  This two-part test embodies both an objective and a subjective component.  The physical condition of the

5

plaintiff must be sufficiently serious, and the failure to render proper care must result from "a sufficiently culpable state of mind." *Id.* at 66 (citing, *inter alia*, *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). *Accord Smith v. Carpenter*, 316 F.3d 178, 183–84 (2d Cir. 2003). An official acts with deliberate indifference when he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw that inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Courts considering similar claims have held that bruises and lacerations are not always serious medical needs. *See, e.g., Dawes v. Coughlin*, 159 F.3d 1346, 1998 WL 513944, at *1 (2d Cir. 1998) (1.5" laceration on elbow not sufficiently serious to support Eighth Amendment claim); *Dallio v. Hebert*, 678 F. Supp. 2d 35, 60 (N.D.N.Y. 2009) (holding that black eyes, bruising, red spots, kick marks, and lacerations did not constitute a serious medical need); *Rodriguez v. Mercado*, No. 00 CIV. 8588 JSRFM, 2002 WL 1997885, at *3, 8 (S.D.N.Y. Aug. 28, 2002) (finding that bruises to plaintiff's head, back and wrists, accompanied by back pain and migraines but no loss of consciousness, did not constitute a medical condition that was sufficiently serious for purposes of Eighth Amendment); *Jesionowski v. Beck*, 937 F. Supp. 95, 102-03 (D. Mass. 1996) (forehead laceration causing profuse bleeding and requiring sutures was not a serious medical need); *but see, e.g., Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) ("[I]f prison official deliberately ignore the fact that a prisoner has a

five-inch gash on his cheek that is becoming infected, the failure to provide appropriate treatment might well violate the Eighth Amendment."); *Nelson v. Scoggy*, 2009 WL 5216955, at *3 (N.D.N.Y. Dec. 30, 2009) (gaping and oozing wound that required repeated dressing changes and would not heal constitutes serious medical need).

Following the incident, the plaintiff was examined by a police officer who also was an EMT and was taken to the hospital.  He was treated approximately twenty-four minutes after being tased.  The treatment report shows that the plaintiff complained of being punched in the head.  The doctor noted that the plaintiff was awake, alert, oriented and coherent.  In his complaint, the plaintiff complained of bruises to his left temple and cheekbone, a sore lower back and tenderness from the taser probes.  He has provided no evidence to support these injuries.  The court concludes that the plaintiff has not shown that he had a serious medical need.  Thus, he fails to satisfy the objection component of the test for deliberate indifference to serious medical needs.  In addition, the plaintiff was treated at the hospital within a half hour.  Thus, even if he had a serious medical need, the plaintiff was provided prompt treatment.  The defendants' motion for partial summary judgment is granted as to the claim regarding medical treatment.

B.    Use of Excessive Force

The use of excessive force by police officers prior to arraignment is a cognizable claim under the Fourth Amendment's prohibition against

7

unreasonable seizures.  *See Graham v. Connor*, 490 U.S. 386, 395 (1989).  In addition, an officer who did not physically participate in the arrest may be liable for failure to intervene to prevent the use of excessive force by other officers.  *See McLaurin v. Falcone*, No. 04-4849-CV, 2007 WL 247728, at *1 (2d Cir. Jan. 25, 2007) (citing *O'Neill v. Krzeminski*, 839 F.2d 9, 11 (2d Cir. 1988)).  Thus, to survive summary judgment, the plaintiff must present evidence suggesting that the defendants either used excessive force against him or were present and failed to intervene to prevent the use of excessive force.

Defendants Meier and Smith have submitted affidavits stating that they were not present and were unaware of any alleged use of excessive force.  In response, the plaintiff has provided no contrary evidence.  The defendants' motion for summary judgment is granted as to the claims against defendants Meier and Smith for use of excessive force.

To prevail on his excessive force claim against defendants Provencher and Wyse, the plaintiff must show that the amount of force used was objectively unreasonable, either as to when or how the force was applied, and that, as a result of the use of force, he suffered some compensable injury.  *See Graham* at 396; *Maxwell v. City of New York*, 380 F.3d 106, 108 (2d Cir. 2004).  "The 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather that with the 20/20 vision of hindsight."  *Graham*, 490 U.S. at 396.  The inquiry must consider that officers often are required to make split-second decisions in rapidly changing situations

8

when determining appropriate conduct, including the amount of force required. *See id.* at 397.  Thus, the court must consider the totality of the circumstances and balance "the nature and quality of the intrusion on an individual's Fourth Amendment interest against countervailing governmental interests at stake." *Id.* at 396 (internal quotation marks omitted; citation omitted).  In performing this analysis, the court considers the severity of the crime underlying the arrest, whether the suspect poses an immediate threat to the safety of the officers or others, and whether the suspect is actively resisting arrest or attempting to flee. *See id.; Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006) .  Thus, for the court to grant the defendants' motion for summary judgment, it must conclude that there is no genuine issue of material fact regarding the objective reasonableness of the force used by defendants Provencher and Wyse.

The plaintiff admitted in his deposition that he was loud, angry and became combative with defendants Provencher and Wyse, Pl.'s Dep., Doc. #74, Ex. A at 7-8, 10-11, 15, 18, 20-21; he lunged at defendant Provencher, refused orders to put his hands behind his back, and attempted to lunge at defendant Provencher a second time.  Following the second attempted lunge, defendant Provencher hit the plaintiff in the head twice with an open palm.  The plaintiff continued to resist the officers by refusing to comply with an order to get on the floor to be handcuffed and, once directed to the floor, hiding his arms underneath his chest and refusing several commands to put his hands behind his back.  Defendants Provencher and Wyse warned the plaintiff several times that he would be tased if

his did not comply.  When defendant Provencher used the taser, the plaintiff tried to lift himself off the floor causing the taser to lose contact with him several times.

At the time of the incident, the plaintiff was combative and refusing to comply with orders.  The plaintiff acknowledged that defendants Provencher and Wyse could have viewed his conduct as threatening to their safety.  The force used was limited.  The first force was the two strikes to the plaintiff's head with an open palm.  When an individual is resisting attempts to subdue him and threatening officers, limited use of force is reasonable.  *See Lopez v. City of New York*, No. 05 Civ. 10321(NRB), 2009 WL 229956, at *8 (S.D.N.Y. Jan. 30, 2009) (noting that "open-handed slap on the back of the head, with no medical evidence and no other evidentiary support of injury, does not rise to the level of a constitutional violation"); *see also Wysong v. Heath*, 260 Fed. Appx. 848, 850, 854-55 (6th Cir. 2008) (officer reasonably applied open-handed strikes and knee to the back of individual who was flailing arms and legs while officers tried to handcuff him).

The taser was used only when the plaintiff failed to respond to repeated commands and warnings about its use and did not respond to the two open-palm strikes to his head.  Based on these facts the court concludes that there is no genuine issue of material fact regarding the objective reasonableness of the force used.  *See, e.g., Crowell v. Kirkpatrick*, 667 F. Supp. 2d 391, 409 (D. Vt. 2009) ("using a Taser as a last resort to effect the arrests of suspects who are resisting,

10

who have repeatedly been given lawful orders with which they could have easily complied, and who received repeated warnings specifically about the use of [the Taser] is not unreasonable, and does not rise to the level of a Fourth Amendment violation"), *aff'd* 400 Fed. Appx. 592 (2d Cir. 2010).  *See also Gomez v. Village of Sleepy Hollow*, No. 07 Civ. 9310(FPS), 2011 WL 2652450, at *11 (S.D.N.Y. July 6, 2011) (holding that use of taser was reasonable as a "proportional response to the uncertainty and volatility of the situation" where plaintiff posed threat to officer safety and was resisting arrest); *Riley v. Harris Cnty Sheriff's Dep't*, No. 4:08-CV-62(CDL), 2009 WL 5216914, at *6 (M.D. Ga. Dec. 29, 2009) (granting summary judgment in favor of officer who used Taser to prevent a suspect wanted for unpaid child support from fleeing, even though suspect presented no evident risk of harm to others); *Beaver v. City of Federal Way*, 507 F. Supp. 2d 1137, 1145 (W.D. Wash. 2007) (holding reasonable officer's deploying Taser a third time against a burglary suspect "who was apparently under the influence of controlled substances, who ignored [officer's] commands to stop, and who was attempting to rise and perhaps to flee"), *aff'd*, 301 Fed. Appx. 704 (9th Cir. 2008). The defendants' motion for summary judgment also is granted as to the excessive force claims against defendants Provencher and Wyse.

> ### C.   Failure to Investigate

The plaintiff also alleges that the defendants refused to take his statement regarding the incident and would not review the videotape of the incident.  The defendants have construed this statement as a federal claim for failure to

11

investigate.

The plaintiff has no cognizable federal interest in having a person prosecuted or investigated.  *See Town of Castle Rock v. Gonzales*, 545 U.S. 748, 768-69 (2005) (victim of crime has no procedural or substantive due process interest in investigation or prosecution of perpetrator); *S. v. D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").   Accordingly, the defendants' motion for summary judgment is granted as to any federal claim for failure to investigate.

   D.   Supplemental State Law Claims

The plaintiff includes in his complaint state law claims of assault and battery.  Where no federal claims remain in a lawsuit, the district court may decline to exercise supplemental jurisdiction and leave the state law claims to be considered by the state courts.  *See* 28 U.S.C. § 1367(c)(3) (district court may decline to exercise supplemental jurisdiction over state law claims where all federal claims have been dismissed); *Giordano v. City of New York*, 274 F.3d 740, 754 (2d Cir. 2001) (collecting cases).   As the court has granted summary judgment in favor of the defendants on all of the federal claims, it declines to exercise supplemental jurisdiction over the remaining state law claims.


   IV.  Conclusion

The defendants' motion for summary judgment [Doc. #76] is granted as to all federal claims.  The court declines to exercise supplemental jurisdiction over

**12**

the plaintiff's state law claims.  The plaintiff may pursue his state law claims in state court.  The Clerk is directed to enter judgment in favor of the defendants and close this case.

It is so ordered.

_____/s/_____
Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: June 21, 2012.

13