UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| STEVEN K. STANLEY, : | |
|     Plaintiff, : | |
| : | |
| v. : | Case No. 3:09cv1643 (VLB) |
| : | |
| SERGEANT WILLIAM MEIER, et al., : | |
|     Defendants. : | |

### RULING ON PLAINTIFF'S MOTION TO RECLAIM [Doc. # 95]

On June 21, 2012, the court granted the defendants' motion for summary judgment. Judgment entered closing this case on June 22, 2012. The plaintiff then filed a notice of appeal. The appeal currently is pending. The plaintiff now has filed a motion in which he states that the defendants failed to provide in discovery a copy of the videotape of the incident.

"The filing of a notice of appeal is an event of jurisdictional significance–it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). The plaintiff asks the court to order the defendants to provide an item of discovery and, presumably, reopen the case to consider this information. Thus, the motion concerns the ruling and judgment that are the subject of the pending appeal. Until such time as the appeal is concluded or withdrawn, the district court lacks jurisdiction to

consider the merits of the plaintiff's motion.

Further, the court specifically explained to the plaintiff the proper procedures for filing a motion to compel if the defendants failed to produce requested discovery.  <u>See</u> Doc. #55 (filed April 14, 2011).  Thus, the plaintiff was on notice for over a year before the court ruled on the defendants' motion for summary judgment the procedure to obtain a copy of the videotape.  He still has not filed a proper motion to compel.

In addition, the information sought does not appear relevant to the claims in this case.  The plaintiff alleged in his complaint one incident of alleged use of excessive force and a thirty-minute delay following that use of force in providing medical attention.  In his motion, he argues that he requires the videotape to establish his claim that he was denied medical attention for four hours.  As the complaint contains no other alleged use of force occurring four hours before the plaintiff was taken to the hospital, evidence supporting such a claim is not relevant to this issues presented in this case.

The plaintiff's motion [Doc. #95] is DENIED.

It is so ordered.

                                      /s/
                              Vanessa L. Bryant
                              United States District Judge

Dated at Hartford, Connecticut: September 12, 2012.